UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>　　　　　　　Plaintiff,<br>　v.<br>JESSICA RAMBUR,<br><br>　　　　　　　Defendants. | Case No. 3:23-cv-00267-ART-CSD<br><br>SCREENING ORDER |

Plaintiff James Scott, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil-rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 1, 3). The Court now screens Scott's civil-rights complaint under 28 U.S.C. § 1915A. Having done so, the Court finds that Scott fails to state a colorable claim under the First and Fourteenth Amendments about denial of access to the courts, so that claim is dismissed with leave to amend. The Court denies Scott's first application to proceed *in forma pauperis* because it is incomplete. (ECF No. 1). And although Scott's second application to proceed *in forma pauperis* is complete, the Court defers ruling on it. (ECF No. 3).

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious[,]" "fails to state a claim on which relief may be granted[,]" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995), *superseded on other grounds by* 28 U.S.C. § 1915(e).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under

Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, like fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989), *superseded on other grounds by* 28 U.S.C. § 1915(e).; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

### A.   Scott's factual allegations

The events of the Complaint happened while Scott was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1 at 1). From 2019 through January 2023, the Defendants purposefully provided "partial, slighted, and biased 'official responses'" to Scott's grievances for the purpose of depriving

him an administrative remedy. (*Id.* at 5). Defendants also purposefully and wrongfully removed documents from Scott's grievances that he needed to complete the process. (*Id.* at 6). Defendants purposefully and wrongfully issued "Improper Grievance Memos" to hinder Scott's ability to exhaust the administrative grievance process. (*Id.*) And Defendants purposefully and wrongfully sided with their friends within the prison and NDOC instead of Scott about matters raised in his grievances. (*Id.* at 7).

### B.      Analysis of Scott's claims

Based on the allegations summarized above, Scott sues Jessica Rambur, John W. Henley, Robert Hartman, Lt. Sawin, M. Sullivan, Lt. Miller, Perry Russell, Lt. Clark, and Mike Minev. (*Id.* at 1–3). He seeks monetary, injunctive, and declaratory relief. (*Id.* at 8). The Court liberally construes the Complaint as bringing a claim under the First and Fourteenth Amendments about denial of access to the courts. The Court addresses this theory and any issues below.

#### 1.      First and Fourteenth Amendments—access to the courts

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). This right "extends to established prison grievance procedures." *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001). "To state a claim for violation of the right of access to the courts, an inmate must show that he or she has suffered an "actual injury." *Lewis*, 518 U.S. at 349. To do so, the inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. Legal claim in this context is limited to nonfrivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Id.* at 353 n.3, 354–55. To properly plead an actual injury, the inmate must identify the underlying cause of action and describe the official acts frustrating or impeding that litigation. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Scott fails to state a colorable claim about denial of the right of access to the courts. There are no factual allegations that any Defendant's action frustrated or impeded a nonfrivolous legal claim Scott had in contemplated or existing litigation. At best, the allegations state that Defendants' actions prevented or slowed Scott's ability to proceed through the NDOC's administrative grievance procedures. But frustrated or slowed administrative procedures alone are not an actual injury. Rather, Scott must plead facts to show that Defendants' actions caused a nonfrivolous direct criminal appeal, habeas corpus proceeding, or § 1983 action to be frustrated or impeded.

Scott has filed dozens of civil-rights actions contending that his constitutional rights were violated while he was incarcerated at NNCC from 2019 to 2023. (*See* ECF No. 4). Although it appears unlikely that Scott can plead facts to show that he suffered an actual injury, out of an abundance of caution, the First and Fourteenth Amendment claim about denial of access to the courts is dismissed without prejudice and with leave to amend.

### III. LEAVE TO AMEND

Because it appears that Scott could cure the deficiencies of his denial-of-access-to-the-courts claim, the Court grants him leave to file a first amended complaint to attempt to replead that claim. If Scott chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). This means Scott's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit.

Scott should file the amended complaint on this Court's approved prisoner-civil-rights form, and it must be titled "First Amended Complaint." Scott must

follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege enough facts to show what each defendant did to violate his civil rights.

## IV.     CONCLUSION

It is therefore ordered that Scott's first application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice as incomplete.

It is further ordered that a decision on Scott's second application to proceed *in forma pauperis* (ECF No. 3) is deferred.

It is further ordered that the First and Fourteenth Amendment claim about denial of access to the courts is dismissed without prejudice and with leave to amend.

It is further ordered that all Defendants are dismissed without prejudice from this action.

It is further ordered that Scott has until April 25, 2024, to file a first amended complaint.

It is further ordered that if Scott chooses to file an amended complaint, he should use the approved form and he will title it "First Amended Complaint." Scott is advised that the Court will screen the amended complaint in a separate screening order and the screening process will take several months. If Scott chooses not to file an amended complaint, this action will be subject to dismissal without prejudice for failure to state a claim.

/ / /

/ / /

/ / /

6

It is further ordered that the Clerk of the Court must file the Complaint (ECF No. 1-1) and send Plaintiff James Scott the approved form for filing a 42 U.S.C. § 1983 complaint, instructions for the same, and a copy of his Complaint (ECF No. 1-1).

Dated this 26th day of 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE